UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORESTES MARTELL,

       Petitioner,

v.                                       Case No.  8:12-cv-604-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

       Respondent.
_____

## **ORDER**

THIS CAUSE is before the Court on Orestes Martell's 28 U.S.C. § 2241 petition for writ of habeas corpus and motion to proceed in forma pauperis. (Docs. 1 and 2).  A review of the relevant case law demonstrates that the petition may be **denied** without service on Respondent.

**PETITIONER'S CLAIMS**

Martell, a state prisoner, is incarcerated at Sumter Correctional Institution, Sumter, Florida.  Martell challenges an Immigration and Custom Enforcement ("ICE")[1] detainer "on

---

[1] ICE was previously known as the United States Immigration and Naturalization Service.

the ground that there is no repatriation agreement between the U.S. and Cuba." (Petition, Doc. 1 at 6). In support of his claim, Martell alleges:

> Petitioner is a fifty (50) year old Cuban immigrant who arrived in the United States from Cuba in 1980. In 1982 Petitioner was convicted of second degree murder and sentenced to ninety (90) years in prison. Subsequently, through a deportation proceeding, Petitioner was deported from the United States. The Immigration and Naturalization Service lodged a detainer against the petitioner on March 12, 1991. [See attached exhibit]. As a direct result of the deportation hold Petitioner has been deprived of many of the benefits that other Florida prisoners receive [sic], i.e.: transfers to certain prisons that offer beneficial job training and educational programs; access to other job training and educational opportunities in my current place of incarceration; and the opportunity for parole, solely because of the deportation hold.
>
> Petition has maintained an excellent record of good conduct and rehabilitative behavior, primarily through participation in self-help, religious and rehabilitative programs throughout his period of incarceration.
>
> As I am currently eligible for State parole consideration I am challenging the legality of the detainer lodged against me by the INS on the ground that said detainer violates the fundamental guarantee of due process as set forth by the Fifth and Fourteenth amendments to the U.S. Constitution since there is no repatriation agreement between the United Stated [sic] and the Republic of Cuba to legally justify the placement of the detainer.

Martell seeks to have this Court issue an order setting aside the immigration detainer that is lodged against him based on the "ground that there is no repatriation agreement in effect between the United States and the Republic of Cuba, and that Petitioner has maintained a record of good conduct and participation in available rehabilitative programs during his incarceration in the Florida Department of Corrections."

## DISCUSSION

Because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c) ( "The writ of habeas corpus shall not

extend to a prisoner unless ... (1)[h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof."). It is well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody for purposes of § 2241. *See Orozco v. I.N.S.*, 911 F.2d 539, 541 (11th Cir.1990). However, the Eleventh Circuit has not determined whether the placement of a detainer coupled with the existence of a removal order constitutes ICE "custody" for habeas purposes. Further, there is a split of authority on this issue in other federal courts. *Compare Richards v. Holder*, 2011 WL 1302263, at *2 (D. Minn. Apr.6, 2011) (rejecting state inmate's argument that he was in federal custody at the time he filed his § 2241 petition because he was subject to a federal immigration detainer and final order of removal); *with Kumarasamy v. Attorney Gen. of U.S.*, 453 F.3d 169, 172-73 (3d Cir. 2006) (individual does not have to be in ICE's physical custody to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal; however, individual who has already been removed from United States at time he files habeas petition does not meet custody requirement); *and Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003) (alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention), and *Garcia–Echaverria v. U.S.*, 376 F.3d 507, 511 (6th Cir. 2004) (federal prisoner was in I.N.S. custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); and *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders), and *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017,

1021 n. 4 (6th Cir. 1999) (final deportation order places alien petitioner constructively "in custody" because of "the specialized meaning those words have in the context of an immigration-related habeas petition"), and *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir.1995) (so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act, and therefore may petition a district court for habeas review of the final deportation order); and *Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994) (I.N.S. detainer plus final order of deportation rendered alien "in custody" of I.N.S. for purposes of habeas review, where alien challenged final deportation order).

This Court concludes that the ICE detainer coupled with the final removal order (Exhibit one to this order) renders Martell in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody. Therefore, this court has jurisdiction to review Martell's claims.

### CONSTITUTIONAL CHALLENGES TO DETAINER

Martell contends the ICE detainer is precluding him from obtaining transfers to certain prisons that offer beneficial job training and educational programs; access to other job training and educational opportunities in his current place of incarceration; and the opportunity for parole. These due process and equal protection challenges to the effects of the ICE detainer are without merit.

Courts have held that changes in custody status, classification levels, or even certain privileges are generally not atypical deprivations which implicate a constitutionally protected liberty interest for due process purposes. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting generally that prison transfers and changes in classification status do not

require due process protections); *Murdoch v. Washington*, 193 F.3d 510, 513 (7th Cir.1999) (inmates have no protected liberty interest in attending rehabilitation program); *Wishon v. Gammon*, 978 F.2 d446, 450 (8th Cir.1992) (inmates have no constitutional right to educational or vocational opportunities); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir.1989) (inmates have no constitutionally protected liberty interest in study and work-release programs or custody classification); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987) (inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir.1980) (same); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.1976) (inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); *see also, e.g., Borrero v. Wells*, No. CV 309–096, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010), Report and Recommendation Adopted by 2010 WL 3292694 (N.D. Ga. Apr.12, 2010) (inmates have no federal constitutional right to participate in rehabilitative programs, including home detention) (unpublished) (citations omitted); *Powell v. Ellis*, No. 3:07cv160/MCR/EMT, 2007 WL 2669432, at *4 (N.D. Fla. Sept.7, 2007) (holding that prisoner had no liberty interest in particular job assignment or custody classification) (unpublished).

In the instant case, Martell failed to allege facts showing that the ICE detainer imposes a significant or atypical hardship on him in relation to ordinary incidents of prison life. Therefore, he has failed to show a due process violation.

Additionally, a penal institution's use of detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. *See McLean*

*v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (exclusion of prisoners with detainers from community-based treatment programs and sentence reduction eligibility does not offend equal protection); *see also, e.g., Borrero, supra*. Therefore, Martell is not entitled to relief on his due process and equal protection challenges.

## CHALLENGE TO FUTURE ICE DETENTION

Martell argues that the detainer violates the fundamental guarantee of due process as set forth by the Fifth and Fourteenth Amendments to the United States Constitution since there is no repatriation agreement between the United States and the Republic of Cuba to legally justify the placement of the detainer.

He asks this court to issue an order setting aside the immigration detainer that is lodged against him based on the "ground that there is no repatriation agreement in effect between the United States and the Republic of Cuba, and that Petitioner has maintained a record of good conduct and participation in available rehabilitative programs during his incarceration in the Florida Department of Corrections."

Martell's challenge to his future ICE detention is not ripe for review. Martell's removal period has not yet begun, and it will not begin until he is released from the Florida Department of Corrections. Therefore, the question of whether he will be removable to Cuba is premature.

In order for the court to take jurisdiction over an action, an actual case or controversy must be present. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 493–95 (1974); *Johnson v. Sikes*, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. *O'Shea*, 414 U.S. 493 (citing *Linda R.S. v. Richard D.*, 410 U.S.

614, 617 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Id.* at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* Also to be considered are "prudential considerations" which require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." *Sikes*, 730 F.2d at 648–49 (quoting *Ashwander v. TVA*, 297 U.S. 288, 346(1936)).

Title 8 U.S.C. § 1231(a)(1) requires the federal government to attempt to effectuate removal within a 90-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. § 1231(a)(2). In cases where the alien is confined, the removal period begins the date the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B)(iii). The government may detain an alien beyond the 90–day removal period only for a length of time reasonably necessary to bring about the alien's actual removal, which is presumptively six months. *See Zadvydas v. Davis*, 533 U.S. 678, 694–99 (2001).

Martell's removal period has not yet begun, and it will not begin until he is released from confinement in the FDOC. Therefore, the issue of whether he will be removable to Cuba is not yet ripe for adjudication and must be dismissed. *See, e.g., Jean–Henriquez v. Dep't of Homeland Sec.*, No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D. Fla. June 15, 2006) (habeas petitioner's claim under *Zadvydas* was not ripe, because 90-day removal period had not yet begun) (unpublished).

Accordingly, the Court orders:

That Martell's petition is denied. The Clerk is directed to enter judgment against Martell and to close this case.

ORDERED at Tampa, Florida, on March 26, 2012.

                                         VIRGINIA M. HERNANDEZ COVINGTON
                                         UNITED STATES DISTRICT JUDGE

Orestes Martell